26077. ALLMOND *v.* MOUNT VERNON BANK *et al.*

STEPHENS, P. J. 1. Where a married woman and her husband executed a note ostensibly as principals, it is, in a suit on the note, essential to the establishment of a plea by her that she executed the note as surety for the husband, to prove that she was actually contracted with as surety. The plea is not supported by evidence which merely shows that the payee contracted with the wife with knowledge only of facts sufficient to put the payee on notice that the wife signed the note as surety. A charge of the court to the jury, that where the wife signed the note ostensibly as maker with her husband, the burden was on her to show that the payee, "with knowledge of facts that would constitute her a surety, contracted with her as surety," and where the note was executed as a loan the burden was on the wife to show that the loan was to the husband, that the loan was not her undertaking and was not on her account, that she signed the note as surety for the husband, that the payee accepted the note and made the loan with knowledge that it was for the husband and that she was surety in the transaction, stated a correct rule of law, and was not erroneous in that, in requiring her to show that the plaintiff actually contracted with her as surety, it placed upon her a burden greater than that required by law, in that the law required her only to show that the payee contracted with her with knowledge of facts sufficient to put the payee on notice that she was signing as surety for the husband and not signing as a principal debtor.

2. On the trial of a suit brought by a bank, the payee of a note signed by a husband and a wife, to which suit the wife pleaded non-liability on the ground that she executed the note as surety for a debt of her husband, where there was evidence that the note was executed in consideration of a loan of money which, in accordance with a parol agreement and understanding between the payee and the husband and the wife, was made to the wife and on the credit of the wife, with the husband as surety only, that the money representing the consideration for which the note was given was entered by the payee bank to the credit of the husband, that this was done under the direction of the wife in response to a question from the cashier of the bank (who was agent for the

bank in conducting the transaction) to the wife, in the presence of her and her husband, after the papers had been drawn up and executed, if she desired the cash or the money credited to her account, that the wife received no benefit from the money, that none of the money thus credited to the husband went to the benefit of the payee, the inference was authorized that the payee extended the credit to the wife, and that the transaction was not a scheme or device, to which the payee bank was a party, to make the wife liable for a debt of the husband, but that the debt was that of the wife as principal debtor for the whole amount of the note.

3. Where there was evidence to authorize the inference that notwithstanding both the defendant husband and the wife executed the note, ostensibly as makers, the credit was extended solely to the wife, with the husband as surety, that while the payee bank placed the money to the husband's credit in the bank it did so at the express direction of the wife, who was the principal debtor, and therefore that the consideration for which the note was executed went to the wife and did not go to the husband, it was not error for the court, whether requested or not, to fail to charge the jury that where the husband and the wife signed the note as joint makers, and the loan was obtained on the joint credit of the wife and the husband, and the money was paid to the husband, and the creditor knew before the making of the loan, or at the time of paying over the money, that the money was going to the sole use and benefit of the husband, and where the money went to the sole use and benefit of the husband, he is the primary debtor and the wife is surety only; and that where a husband and a wife sign a note as joint makers, the wife is bound only for so much of the consideration as is paid to and received by her, and that the jury should find for the plaintiff against the wife for only so much of the consideration as was actually received by her.

4. In the absence of a special request, the court did not err in failing to instruct the jury as to the probative value of the testimony given by the husband at a former trial of the case and introduced by the plaintiff, or for what purpose it could be considered by the jury.

5. The verdict for the plaintiff was authorized, and no error appears.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED JULY 9, 1937.

*A. C. Saffold, Sharpe & Sharpe, Duncan Graham,* for plaintiff in error.

*Underwood & Underwood,* contra.